IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARCUS JOHNSON,

                                                       OPINION AND ORDER

                Petitioner,

                                                        12-cr-83-bbc-2
                                                          15-cv-481-bbc

     v.

UNITED STATES OF AMERICA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Petitioner Marcus Johnson has filed a timely post conviction motion under 28 U.S.C. § 2255, contending that his sentence is illegal and also arguing that he is entitled to a reduction in his sentence under 18 U.S.C. § 3582. A review of his motion shows that his sentence is not illegal and that he is not entitled to a sentence reduction under § 3582.

        Petitioner was charged in this court with one count of possession of a gun by a felon under 18 U.S.C. § 922(g)(1) and one count of knowing possession of cocaine base with intent to distribute it under 21 U.S.C. § 841(a)(1). The second count was later reduced to knowing possession of cocaine with intent to distribute. After extensive pretrial proceedings, he entered a plea of guilty to an information, charging only the § 841 crime. In the presentence report, the probation office found that petitioner was a career offender because he had one adult conviction for felony battery by a prisoner and another for a felony charge of substantial battery. His advisory guideline range was 151 to 188 month. He was

sentenced to a term of 150 months. Trans. of sentencing, dkt. #124, at 34.

Petitioner appealed from his conviction and sentence; his appointed counsel filed an Anders brief after finding no error in petitioner's conviction or sentence; and the court of appeals dismissed the appeal in an unpublished opinion filed on May 23, 2014. Dkt. #142-1. Petitioner did not seek a writ of certiorari from the United States Supreme Court. He filed this motion on August 5, 2015, about two weeks before the period for filing expired on August 21, 2015.

As grounds for his § 2255 motion, petitioner argues that he entered a plea of guilty only because his appointed counsel was ineffective. He contends that both his trial counsel and his appellate counsel failed to address the sentence enhancement that put him into offense level 32, before it was reduced to level 29 to reflect defendant's acceptance of responsibility, but the record refutes this contention. At sentencing, petitioner's trial counsel acknowledged the factors that put petitioner into the category of career offender and devoted much of his argument to defendant's mental problems, including his borderline intellectual functioning and possible mild retardation as well as his intermittent explosive disorder. All of this seems to have been an attempt to persuade the court not to sentence petitioner much above the guidelines. If so, it was successful.

At pages 5-6 of his motion, petitioner argues that his "conviction and misdemeanor offense does not add up to category VI to qualify him as a career offender," but he overlooks the fact that he had two felony offenses, which are the ones that make him a career offender. Those qualifying offenses make him a career offender. U.S.S.G. § 4B1.1(1) (defendant is

2

career offender if he was 18 or older at the time of conviction; he conviction was for a felony crime of violence or a felony controlled substance offense; and he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Once that finding has been made, it does not matter what level his criminal history points would have supported because the career offender status controls. U.S.S.G. § 4B1.1(b) covers the applicability of career offender status: "Except as provided in subsection(c) [which applies only to defendants convicted of offenses under 18 U.S.C. § 924(c) or § 929(a)], if the offense level for a career offender from the table n [§ 4B1.1] is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI."

On appeal, petitioner's new appellate counsel filed a brief under <u>Anders v. California</u>, 386 U.S. 738, 744 (1967), saying that he believed that petitioner's appeal was frivolous and explaining the reasons for his belief. He considered whether petitioner could argue that the sentencing court misapplied the career offender guidelines and concluded that any such argument would be frivolous, given the fact of petitioner's two battery convictions. He reached the same conclusion about the reasonableness of the term of imprisonment imposed. The court of appeals agreed with counsel's assessment.

As a general rule, it is not possible to assess the effectiveness of trial counsel from the written record, but this case is an exception. Petitioner's only claim is that counsel did not do enough to challenge his status as a career offender, and that claim is foreclosed by a review of the record, which shows exactly how his status was determined.

Petitioner raises an entirely separate claim, this one under 18 U.S.C. § 3582(c), arguing that he is entitled to a reduction in his sentence under the recent amendment to the sentencing guidelines.  Unfortunately for petitioner, the new amendment does not apply to persons who have been sentenced as career offenders. At the time of his sentencing, he was found to be a career offender and the new amendments leave the career offender guidelines unchanged.  His sentence was not "based upon a sentencing range that has subsequently been lowered by the Sentencing Commission,"§ 3582(c)(2).  Therefore, this court has no authority to change it.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  Petitioner has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.

Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed <u>in forma pauperis</u>.

ORDER

IT IS ORDERED that petitioner Marcus Johnson's petition for post conviction relief under 28 U.S.C. § 2255 and his motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2) are DENIED. Further, it is ordered that no certificate of appealability shall issue. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 11th day of September, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge